[If you need additional space for ANY section, please attach an additional sheet and reference that section.]



**FILED**
**6/8/2020**
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

|               |   |                       |
|---------------|---|-----------------------|
|               | ) |                       |
|               | ) | **Case Number**:      |
| Plaintiff     | ) |                       |
|               | ) | **Judge**:            |
| v.            | ) |                       |
|               | ) | **Magistrate Judge**: |
|               | ) |                       |
| Defendant     | ) |                       |

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

# Pro Se Filing [20-cv-01544]
## LITIGATION REPLY

Dear Mr. Judge,
Following are our defense documents for the lawsuit. This lawsuit has caused us a lot of trouble, and I am innocent. Please give us a fair trial. thank you very much.



**Case: trademark infringement**

**camelbak**   (Plaintiff's trademark words, Non-generic words)

**camelback**   (The defendant used words, Generic words)

**Court: Northern District of Illinois**

Defendant: Mr. Hat (wish merchant)
Plaintiff: Camelbak (Keith)

**The plaintiff sued the product (a sports water bag backpack):**



Case background:
1. The plaintiff has similar products.
2. The case is trademark infringement. No appearance, patent or other infringement.
3. There is no camelbak trademark in the pictures and products.
4. Only "camelback" is mentioned in the product title.
Note:
**Camelback** (words used by the defendant, **common words**, meaning hump)
**Camelbak** (brand trademark, self-made trademark word)
(A difference of 1 letter C)


**Case details: The plaintiff sued the defendant for trademark infringement on the ground that the defendant used "camelback" in the product title (pictured).**



*In order to better express our defense, the content is displayed in the following debate format:*

1. *Plaintiff:*
   You use "camelback" in the title, infringing the trademark "camelbak".

*defendant:*
Camelback
Camelbak
(Please note that the two words are not the same word).
   The camelback used by the defendant is a general term. Non-trademark words. Used as a Common words in the title. Not used as a trademark word.

2. *Plaintiff:*
   You have used words that are highly similar to trademarks to confuse consumers and belong to similar trademark infringements!

*defendant:*
   Camelback that appears in the title is used as an adjective / modifier, not as a trademark. There is no TM logo after the word, and there is no logo of this word in pictures and products. It is only used to describe the appearance and functional characteristics of the backpack in the product title. There is no confusing consumer.

3. *Plaintiff:*
   Camelback as a modifier to describe the backpack is completely unnecessary, for unprovoked use!

*defendant:*
   Camelback is not a trademark word, but a general term with practical meaning, meaning camel. In this way:
1. Functional: The hump is a water storage organ on the back of the camel. After describing this water backpack on the back, it is like getting the hump-like storage capacity of a camel.

2. Appearance: After carrying this backpack on your back, it looks like you have a camel hump (the backpack is called a camel bag in many cultures).
Camelback is used as a modifier in the title, the metaphor is natural and there is nothing wrong with it.
   The plaintiff has no right to prevent the normal and reasonable use of common words by others.

4. Plaintiff:
   As a backpack practitioner, the defendant should know that camelbak is a registered trademark, but still uses similar words in the title, subjectively suspected of intentional infringement.

Defendant:



  This picture is from a screenshot of evidence collected by the defendant's lawyer. It can be seen that the main category sold in the shop is handicrafts. And the sales of this backpack are only 83.53 US dollars. It proves that the defendant is not a backpack practitioner, and is unaware of the brand camelbak. Due to possible risks, this product has been removed from the shelves. Subjectively there is no intentional infringement.

Based on the above arguments, combine the following three points:
1. The sales amount is small.
2. The object of the prosecution is a general term.
3. The defendant has actively deleted the product link.
I implore the distinguished judge to dismiss the plaintiff's lawsuit.

Keith law firm complained to more than 200 wish sellers and demanded high settlement fees from the sellers in order to profit.



*( Mail from Keith Law Firm)

Most sellers often choose to settle the payment because they do not understand the legal procedures and the high lawyer fees. This is very unfair to the seller.
For epidemic reasons, if we are unable to attend the hearing, we hope this document will defend us. Thank you!

Sincerely,
Milo Masson
Wish seller, Mr. Hat
E-mail: 2336783835@qq.com

*Milo Masson*

917-378-6818
3708 Union Street #1105 Flushing New York 11354